UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NELAYDA FONTE, Dr., an individual,

    Plaintiff,

v.                                                   Case No.:  2:19-cv-54-FtM-38NPM

LEE MEMORIAL HEALTH SYSTEM,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Lee Memorial Health System's Bill of Costs (Doc. 50) and Plaintiff Dr. Nelayda Fonte's response in opposition (Doc. 53). After the Court granted summary judgment to Lee Health, it filed the Bill of Costs. Among other costs, the Bill sought $1,900 in expert witness fees and $700 for mediation fees. (Doc. 50 at 20-22). Fonte only objects to those two costs, arguing expert witness and mediation fees are not taxable. Lee Health did not respond. The Court sustains Fonte's objections and taxes the remaining costs.

Rule 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a statute, procedural rule, or court order says otherwise. Fed. R. Civ. P. 54(d)(1). Absent some other authorization, costs are limited to those set out in 28 U.S.C. §§ 1821 and 1920. *Rimini St., Inc. v. Oracle USA, Inc.,* 139 S. Ct. 873, 877-78 (2019). Most taxable costs are enumerated in § 1920:

    (1) Fees of the clerk and marshal;

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Recoveries for witness fees are "strictly limited by § 1821" to "travel reimbursement and a $40 per diem." *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297-98 (2006).

Neither expert witness nor mediation fees are enumerated in § 1920 or § 1821. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (refusing expert witness fees); *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1300 (M.D. Fla. 2000) (disallowing mediation costs). With no argument to the contrary, Fonte's objections to the inclusion of those costs in Lee Health's Bill of Costs are therefore sustained. Yet, as Fonte notes, Lee Health's expert is entitled to a $40 per diem for his deposition appearance.[2] § 1821(a)-(b). Thus, the Court will tax that amount and include it in the judgment. § 1920.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's objections in the Response to Defendant's Bill of Costs (Doc. 53) are

   **SUSTAINED.**

---

[2] Because it is unclear how long the expert's deposition took, the Court limits the per diem to one day. And because Lee Health did not itemize any travel-related expenses, the Court cannot grant costs on that basis.

2

(2) Defendant is **AWARDED $4,828.24** instead of the $7,388.24 sought in the Bill of Costs (Doc. 50).

(3) The Clerk is **DIRECTED** to amend the judgment to include a cost award in favor of Defendant in the amount of **$4,828.24.**

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of September, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record